# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 08-865V
July 3, 2013
Not for Publication

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| ANTHONY CALISE, personal | * | |
| representative of the estate of | * | |
| LISA CALISE, deceased, | * | |
| | * | |
| Petitioner, | * | Damages Decision Based on Proffer; |
| | * | influenza vaccine; neuromyelitis |
| v. | * | optica (NMO); death |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Ronald C. Homer, New York, NY, for petitioner.
Michael P. Milmoe, Washington, DC, for respondent.


**MILLMAN, Special Master**


## DECISION AWARDING DAMAGES[1]

On July 3, 2013, respondent filed a Proffer on Award of Compensation.   Based on the record as a whole, the special master finds that petitioner is entitled to the award as stated in the Proffer.   Pursuant to the terms stated in the attached Proffer, the court awards petitioner a lump sum payment of **$586,793.37** (representing $250,000.00 for pain and suffering, $86,793.37 for past unreimbursable expenses, and $250,000.00 for the statutory death award).   The lump sum of **$586,793.37** represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a), and shall be made payable to petitioner.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002).   Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.   When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure.   If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: July 3, 2013                                                        s/Laura D. Millman
                                                                    Laura D. Millman
                                                                     Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
                           \*
**ANTHONY CALISE, personal**     \*
**representative of the estate of**     \*
**LISA CALISE, deceased**,     \*
              Petitioner,     \*
                           \*
*v*.                        \*        **No. 08-865V (ECF)**
                           \*        Special Master
                           \*        Laura D. Millman
**SECRETARY OF HEALTH**     \*
**AND HUMAN SERVICES**,     \*
                           \*
              Respondent.     \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On December 4, 2008, Lisa Calise, petitioner, filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, as amended ("the Vaccine Act" or "the Act"), 42 U.S.C. §§ 300aa-10 to -34. An amended petition was filed on July 16, 2009. Petitioner alleged that she received an influenza ("flu") vaccine on December 19, 2005, and that this vaccination caused her to develop Devic's Disease, also known as neuromyelitis optica ("NMO"). See Amended Petition at 1. Both parties retained experts and a hearing was conducted in Washington, D.C., on June 29, 2010. On March 14, 2011, the special master issued a decision finding that petitioner was entitled to compensation. While the parties were attempting to resolve damages, petitioner died on December 7, 2012. Her death was related to her NMO. On January 28, 2013, petitioner filed letters of administration from the State of North Carolina indicating that on January 11, 2013, petitioner's husband, Anthony Calise, became "fully authorized by the laws of North Carolina to receive and administer all of the assets belonging to the estate, and these Letters are issued to attest to that authority and to certify that it

is now in full force and effect." See Exhibit 80.  Petitioner moved to amend the caption of this case on January 28, 2013 to reflect that Anthony Calise is the sole named petitioner, in his capacity as personal representative of the estate of Lisa Calise.  The special master granted petitioner's motion on January 29, 2013.

Respondent hereby submits the following proffer regarding the award of compensation.

## I.        Items of Compensation

### A.        Future Medical Care Expenses

Respondent proffers that based on the evidence of record, Petitioner is not entitled to an award for projected unreimbusable medical care expenses incurred from the date of judgment as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(1)(A).  Petitioner agrees.

### B.        Lost Past and Future Earnings

Respondent proffers that based upon the evidence of record, Petitioner did not suffer a loss of earnings as a result of her vaccine injury.  Accordingly, Petitioner should not be awarded lost past or future earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A). Petitioner agrees.

### C.        Pain and Suffering

Respondent proffers that Petitioner should be awarded a lump sum of $250,000.00 for Petitioner's actual pain and suffering as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

### D.        Past Unreimburseable Expenses

Respondent proffers that based upon the evidence of record, Petitioner incurred past unreimbusable expenses in the amount of $86,793.37 related to her vaccine-related injury.

Petitioner agrees.

E.    Statutory Death Benefit

Respondent proffers that Petitioner should be awarded $250,000.00 for her vaccine-

related death as provided under the Vaccine Act, § 300aa-15(a)(2).  Petitioner agrees.

F.    Medicaid Lien

Petitioner represents that there are no outstanding Medicaid liens related to Petitioner's

vaccine-related injury.

## II.    Form of the Award

The parties recommend that the compensation provided to Petitioner should be made

through lump sum payment and request that the special master's decision and the Court's

judgment award the following:

> A lump sum payment of $586,793.37 representing compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a), payable to Petitioner.

## III.    Summary of Recommended Payments Following Judgment

A.    Lump sum paid to Petitioner:            $586,793.37

Respectfully submitted,

STUART F. DELERY
Acting Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

3

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Assistant Director
Torts Branch, Civil Division


  s/Michael P. Milmoe
MICHAEL P. MILMOE
Senior Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146

DATE: July 3, 2013                            Tel.:  (202) 616-4125